IN THE UNITED STATES DISTRICT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| COMMUNITY HEALTH GROUP, DALE K. RAMSEY, THOMAS J. LANGENBERG, and MICHAEL KERR, | ) ) ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | Case No. 05-1267-CV-W-DW |
| ESTHER J. DELONEY and EDWENIA J. DELONEY, | ) ) ) | |
| Defendants. | ) ) | |

ORDER

I.  Facts

On June 1, 2000, Esther Deloney received a lump sum from the Community Health ERISA plan representing the balance of her account. On March 24, 2005, the Plan mistakenly issued to Esther Deloney $39,726.75. At this time, Esther was due only $1,673.63. Plaintiffs allege that Esther has given all or a portion of the $39,726.75 to her daughter, Edwenia Deloney. On October 12, 2005, Plaintiffs served Esther Deloney with their demand for the return of the money. She has failed to return any part of the money.

On December 22, 2005, the Court granted, *ex parte,* Plaintiffs' Motion for Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue. On January 3, 2006, the Court held a preliminary injunction hearing. At the hearing, Defendants testified as to the multiple transfers that have been made of the wrongfully disbursed funds.

Defendants are preliminarily enjoined from disposing of or transferring any the wrongfully disbursed funds still in their possession and control.

II.     Preliminary Injunction Standard

In ruling upon a preliminary injunction the Court must examine the following four factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; (3) the probability that movant will succeed on the merits; and (4) the public interest.  Dataphase Sys., Inc. v. C L Sys., Inc., 640 F.2d 109, 113 (8th Cir. 1981).

The Court finds the threat of irreparable harm to Plaintiffs is great.  Because the Plan is an ERISA Plan, Plaintiffs are entitled only to seek an order in equity for the recovery of the funds.  Thus, Plaintiffs may be unable to collect the wrongfully disbursed funds.  N. Am. Coal Corp. v. Roth, 395 F.3d 916, 917 (8th Cir. 2005) (a court may not award restitution of a sum certain and/or find defendants personally liable, as such actions constitute legal remedies).  For that same reason, the balance of harm weighs in favor of the Plaintiffs.  The Court further finds probability that Plaintiffs will succeed on the merits.  Id.

III.    Conclusion

Accordingly, Defendants are hereby enjoined from disposing of or transferring any wrongfully disbursed funds still in their possession and control, pending resolution of this case.

IT IS SO ORDERED

                                                        /s/ Dean Whipple
                                                         Dean Whipple
                                       United States District Judge

DATE: January 19, 2006